UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – FLINT

IN RE:

FELICIA R. BOLDEN,                                    Case No. 07-30132-dof
                                                      Chapter 13 Proceeding
        Debtor.                                       Hon. Daniel S. Opperman

_____/

Opinion Regarding Debtor's Motion to Release Lien of
Capital One Auto Finance and to Bar Further Collection

Facts and Procedural Background

On November 13, 2004, Felicia Bolden ("Debtor") entered into a Retail Installment Sale

Contract with Capital One Auto Finance ("Capital One")  for the purchase of a 2004 Pontiac

Grand Prix (VIN: 2G2WP522041355959).   Under the terms of the Retail Installment Sale

Contract, Debtor agreed to pay a total of $18,640.86 at an interest rate of 17.45%. Capital One

retained a lien on the vehicle.

On January 15, 2007, Debtor filed her Chapter 13 bankruptcy petition.[1]  On that date,

debtor was indebted to Capital One in the amount of $16,075.57 (plus interest, fees, and costs).

Debtor filed her proposed Chapter 13 Plan on January 15, 2007. The proposed Plan

provided that Debtor would pay 100% of all unsecured claims.  With regard to Capital One's

claim, the proposed Plan modified the claim to lower the interest rate from 17.45% to 7.5%;

provided that Debtor would pay $459.71 over 38 months (the plan being a 48 month plan); and

provided that the total to be paid under the plan, including interest, would be  $17,468.87.

Capital One did not object to Debtor's proposed Plan and it was confirmed on April 20, 2007.  It

is undisputed that Debtor made all the required plan payments under the confirmed Plan.

_____

[1] Debtor was not eligible for a discharge in this Chapter 13 case because a Chapter 7 discharge had been granted in a
previous case, Case No. 03-32105, filed on May 20, 2003.

1

On January 4, 2012, the Trustee filed the Notice of Final Cure Payment and Trustee's Notice of Completion of Plan Payments; Notice to Creditors of Obligation to File a Response and Right to Object; and Notice to Debtor of Obligation to File Debtor's Certification ("Notice"). The Notice indicated that all claims were paid in full and gave creditors 21 days to file any objections on the basis that their claims were not paid in full, that any amount remains to be paid on their claims, or to provide any other reason their lien on collateral should not be released. The second paragraph of the Notice states: "This notice is provided pursuant to F. R. Bankr. P. 3002.1(f), to claimants whose claims are secured by a security interest in the debtor(s) principal residence and whose claims are provided for under 11 U.S.C. [§] 1322(b)(5)." Creditor did not file an objection to the Notice.

On May 4, 2012, Debtor filed a Motion to Reopen Chapter 13 case and a Corrected Motion to Avoid Lien with Capital One. Debtor seeks to compel Capital One to release the lien on the vehicle and seeks an order barring Capital One from further collection on the account or repossession of the vehicle. Debtor's argument in that Motion was based only on Capital One's failure to respond or object to the Chapter 13 Trustee's Notice and failure to provide the required notice that any amount was further due and owing on the Retail Installment Sale Contract. Capital One filed a Response to Debtor's Motion on May 17, 2012. Capital One argues that it was not required to respond or object to the Chapter 13 Trustee's Notice because the language of the Notice provides that it applies only to creditors whose "claims secured by a security interest in the debtor(s) principal residence" or "whose claims are provided for under 11 U.S.C. § 1322(b)(5)" and therefore, the Notice does not apply to its claim.

The Court held a hearing on June 6, 2012. At that hearing, the Debtor raised the argument that the terms of the confirmed Chapter 13 plan control how Capital One's claim

2

would be paid and that Capital One's claim has been paid in full under the terms of the confirmed Plan. Capital One argued that, although Debtor's Plan provided that its claim would be modified, it did not specify that its claim would be considered paid in full after completion of the 38 months and the plan did not treat the remaining amounts owed due to the 10% reduction in the interest rate on its claim. At the conclusion of that hearing, the Court took the matter under advisement.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334 and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) (determinations of the validity, extent, or priority of liens).

Analysis

A. Whether Capital One Was Required to Respond or Object to Chapter 13 Trustee's Notice

As noted, the second paragraph of the Chapter 13 Trustee's Notice states: "This notice is provided pursuant to F. R. Bankr. P. 3002.1(f), to claimants whose claims are secured by a security interest in the debtor(s) principal residence and whose claims are provided for under 11 U.S.C. [§] 1322(b)(5)." The Notice further provides:

> **IF YOUR CLAIM WAS PAID BY THE TRUSTEE, THE DEBTOR HAS PAID IN FULL THE AMOUNT REQUIRED TO CURE ANY DEFAULT ON YOUR CLAIM.**
>
> **IF YOUR CLAIM WAS PAID DIRECTLY BY THE DEBTOR OR THE AUTOMATIC STATE WAS LIFTED DURING THE TERM OF THE DEBTOR CHAPTER 13 PLAN, THE TRUSTEE DOES NOT HAVE ANY INFORMATION REGARDING WHETHER THIS OBLIGATION IS CURRENT.**
>
> **PURSUANT TO F.R.BANKR.P. 3002.1(G), YOU ARE REQUIRED TO FILE AND SERVE A RESPONSE ON THE DEBTOR, DEBTOR'S COUNSEL AND THE TRUSTEE, NO LATER THAN 21 DAYS AFTER SERVICE OF THIS NOTICE.**

3

Capital One's claim was neither a claim "secured by a security interest in the debtor(s) principal residence" or a claim that was "provided for under 11 U.S.C. § 1322(b)(5)." Therefore, the Notice does not apply to Capital One and Capital One's failure to respond or object to the Notice cannot be a basis to compel it to release its lien.

### B. Whether Capital One's Claim Has Been Paid In Full Pursuant to the Chapter 13 Plan

11 U.S.C. § 1327(a) states that the "provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." The parties are bound by the terms of the confirmed plan, including the values assigned to collateral and the amount of payment to be received. 11 U.S.C. § 1327; *In re Wellman*, 322 B.R. 298, 301 (6th Cir. BAP 2004).

Capital One does not dispute that it received actual notice of the filing and contents of Debtor's Chapter 13 Plan and notice of the confirmation hearing; however, it asserts that the Plan did not clearly set forth the treatment of its claim. Debtor's Chapter 13 Plan did, in fact, clearly describe the purposed treatment of Capital One's claim. The provision relating to Capital One's claim expressly indicated that the claim was being modified. That provision valued the collateral at $10,000 and indicated that Debtor would pay Capital One's claim at a 7.5% interest rate, making monthly payments of $459.71 for 38 months. The Plan further provided that Debtor would be paying 100% of the unsecured claims. The only logical conclusion, based on the language used in the Plan, is that Debtor intended that Capital One's claim would be paid in full after Debtor made the required $459.71 payments for 38 months. Capital One did not object to Debtor's treatment of its claim in the Chapter 13 Plan, it did not object to confirmation of that

4

Plan, and it did not notify the Chapter 13 Trustee after it received its last payment in the 38th month of Debtor's Plan that it believed it was entitled to additional payments. Furthermore, despite the fact that it was not bound to object to the Chapter 13 Trustee's Notice, that was yet another opportunity for Capital One to alert the Chapter 13 Trustee and Debtor that it believed it was entitled to additional payments. Debtor paid the underlying debt in full according to the terms of her confirmed Chapter 13 Plan; therefore, Debtor is entitled to a release of Capital One's lien and Capital One is barred from attempting to collect any additional funds on Debtor's account.

## Conclusion

For the reasons set forth herein, Debtor's Motion to Release Lien of Capital One Auto Finance and to Bar Further Collection is granted. Counsel for Debtor is directed to prepare the appropriate Order.

Not for publication

.

Signed on August 24, 2012

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge